# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-00741-JLK

GREGORY SIEK,

    Plaintiff,

v.

ALLSTATE FIRE & CASUALTY INSURANCE COMPANY,

    Defendant.

___

## MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL (ECF NO. 33)
___

Kane, J.

Plaintiff Gregory Siek has filed a motion to compel the deposition of Timmy Lindsey on January 24, 2020 or other date certain. This is an insurance breach of contract and bad faith case arising out of Mr. Siek's claim to his insurer, Defendant Allstate Fire & Casualty Insurance Company, for hail damage to his home and property. On Allstate's behalf, Timmy Lindsey inspected Mr. Siek's property and wrote an estimate for the benefits owed to him. As such, he is a material witness in this case.

Mr. Siek's counsel has been working since at least October 2, 2019, to schedule Mr. Lindsey's deposition. Mr. Siek's Motion details more than ten attempts to confer with opposing counsel regarding the deposition. But Mr. Siek's counsel's requests were put off as Allstate's counsel dragged his feet in tracking down and contacting Mr. Lindsey. It took Allstate's counsel over seven weeks to send a letter to Mr. Lindsey after he was initially prompted by Mr. Siek's counsel. On January 10, 2020, as a result of Allstate's continuing failure to arrange a date for Mr.

Lindsey's deposition, Mr. Siek served a notice to take Mr. Lindsay's deposition on January 24, 2020.

Unfortunately, Mr. Lindsey has now been diagnosed with a serious medical condition that continues to worsen. However, Allstate has not filed any doctor's report on Mr. Lindsey's condition or prognosis or provided recommendations regarding appropriate measures for taking his deposition under acceptable conditions. It is understandable that sitting for a deposition in this case is not Mr. Lindsey's first priority. Nevertheless, delaying this matter further—as Allstate proposes—could only serve to prejudice Mr. Siek and benefit Allstate.

Federal Rule of Civil Procedure 1, as amended in December of 2015, mandates that the parties (as well as the court) construe, administer, and employ the Rules "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Allstate's counsel, in particular, has failed to do so in this instance. He has forced Mr. Siek's counsel to multiply her efforts and has unnecessarily delayed these proceedings. Two circumstances here stand out to me. First, upon learning of Mr. Lindsey's condition, defense counsel could have sought a protective order, either to postpone the deposition or just for guidance from the Court. Second, if counsel is going to prevent another attorney from contacting a material witness under the highly questionable guise that that individual is a representative of his client, counsel should at least be in contact with the witness himself. This is especially true since Allstate has known since at least June 2019 that Plaintiff intended to depose Mr. Lindsey. (*See* Stipulated Scheduling and Disc. Order at 12, ECF No. 23).

Local Rule 30.1 provides that "reasonable notice for taking a deposition shall be not less than 14 days" and that, "[b]efore sending a notice to take a deposition, counsel or the unrepresented party seeking the deposition shall make a good faith effort to schedule it in a

convenient and cost effective manner." D.C.COLO.LCivR 30.1. Mr. Siek's notice complies with this Rule. His counsel certainly made a good faith effort to schedule the deposition before noticing it for January 24.

Federal Rule of Civil Procedure 37 additionally states that, if a motion to compel is granted, "the court *must*, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney[] fees. But the court must not order this payment if:

(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

(ii) the opposing party's nondisclosure, response, or objection was substantially justified; or

(iii) other circumstances make an award of expenses unjust."

Fed. R. Civ. P. 37(a)(5)(A) (emphasis added). None of the exceptions to the Rule's command apply here. Mr. Siek's counsel attempted in good faith to have the deposition set; Allstate's failure to do so was not substantially justified; and no other circumstances that would make an award of expenses unjust has been brought to my attention. Allstate's assertion that in the last effort to depose Mr. Lindsey, Mr. Siek's counsel did not attempt to clear a date for the deposition is patently absurd! Just how many bites of an apple does it take before the apple is consumed?

As Wright and Miller explain, "[a] major purpose of the 1970 revision of the discovery rules was to encourage extrajudicial discovery with a minimum of court intervention." Charles Alan Wright, Arthur R. Miller, & Richard L. Marcus, 8B Fed. Prac. & Proc. § 2288 (3d ed.). This was accomplished, in part, by broadening the availability of the award of expenses and fees

3

and emphasizing the compulsory nature of the award. *Id.* Under this framework, other judges on this Court have found fees and costs awards to be warranted in similar circumstances. *See, e.g.*, *DCD Partners, LLC v. Albracht*, No. 17-mc-00007-CMA-KLM, 2018 WL 6061295 (D. Colo. Nov. 20, 2018).

Mr. Siek's Motion to Compel (ECF No. 33) is GRANTED. Allstate is ordered to produce Mr. Lindsey for a deposition at a date, time, and place to be set by Mr. Siek's counsel at her sole discretion. If future attempts to obtain the deposition testimony of Mr. Lindsey are unavailing for whatever reason, I will order evidentiary sanctions which likely will include precluding Allstate's offering or rebutting evidence on all topics contained in Mr. Lindsey's reports.

Additionally, Allstate and its counsel are ORDERED to pay Mr. Siek's attorney fees and costs associated with his counsel's entire efforts to secure the deposition of Mr. Lindsey and the filing of the instant Motion. If the parties are able to agree on the amount and reasonableness of those fees, they are DIRECTED to submit a stipulation as to the amount on or before February 21, 2020. If the parties are not able to agree, they are DIRECTED to notify the Court of that fact and Mr. Siek is to submit an affidavit documenting his fees and costs on or before February 21, 2020. In the latter event, I will appoint a special master and the party whose statement of attorney fees and costs differs the most, either higher or lower, than the amount determined by the special master will pay all the costs and fees arising from the special master's proceeding and recommendation.

DATED this 23rd day of January, 2020.

_____
JOHN L. KANE
SENIOR U.S. DISTRICT JUDGE